UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Z.R., by and through her Guardian Ad Litem TANISHA PORTER,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>Defendants. | Case No. 2:20-cv-01181-KJM-JDP<br><br>PROTECTIVE ORDER<br><br>ECF No. 16 |

The parties having stipulated to the entry of a Protective Order under Rule 26(c) of the Federal Rules of Civil Procedure and it appearing that such an Order is necessary and appropriate and will facilitate the pre-trial exchange of documents and information, including discovery and trial exhibits, as well as the use of confidential information for this case, it is hereby ordered that:

Any documents, responses, electronic data, transcripts or other information, including responses to discovery, which contain sensitive personal information related to youths, sensitive financial information, or medical information, which are produced between the parties in connection with this litigation, may be designated at the producing party's option as "Confidential Information" subject to the provisions of this Order.

Documents and information designated as Confidential Information in accordance with this Order shall be used solely for the purpose of this action (including any appeals), and those

documents and information, and any information contained therein or reasonably inferred therefrom, shall not be disclosed (other than in court proceedings for this action) to any person other than:

(1) Plaintiff (through her Guardian Ad Litem) and her counsel of record in this case;

(2) employees or agents of Defendant, but only to the extent as needed for Defendant to defend its interests in this case;

(3) Magistrate and District Court Judges assigned to this action and court staff, including any mediators, jurors, bailiffs, courtroom deputies, or any other judicial support personnel; and

(4) witnesses in deposition or at trial who are asked to give testimony as to the Confidential Information or the contents of a document that includes Confidential Information, provided, however, that (a) a Party shall only show a witness Confidential Information if doing so is reasonably likely to facilitate obtaining discoverable and relevant information; (b) prior to being shown any information containing Confidential Information, the witness must be notified of this Protective Order and must agree to follow its terms under penalty of judicial sanctions (including contempt of Court), which agreement the witness must memorialize either by stating his or her agreement on the record at the deposition or trial proceeding, or by executing a signed writing stating his or her agreement; and (c) the portion of the testimony concerning the Confidential Information, and any documents marked as exhibits that contain such Confidential Information, shall themselves be designed as Confidential Information and deemed subject to this Protective Order.

The parties, including their counsel, may use Confidential Information pursuant to this Order solely for litigation in this matter, including motion practice, trial preparation, trial of this action, and any appeals, provided that they comply with all requirements for redaction and filing under seal as further specified below. Confidential Information disclosed to any such person shall not be disclosed by him/her to any other person except as permitted in this paragraph.

The parties shall comply with the provisions of Local Rules 140 and 141 with respect to redactions of documents containing Confidential Information and any requests to file documents containing Confidential Information under seal.

Within sixty (60) days after the final termination of this action, including appeals, the Party to whom the information was produced shall (a) destroy or return to the producing Party all originals and any copies of confidential documents or documents reflecting Confidential Information; and (b) certify in writing that the provisions of this paragraph have been complied with. Notwithstanding this provision, each Party's counsel is entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Confidential Information. Any such archival copies that contain or constitute Confidential Information shall remain subject to this Protective Order.

Nothing contained in this Order, nor any action taken in compliance with it shall operate as an admission or assertion by any witness or person or entity producing documents that any particular document or information is, or is not, admissible in evidence.

Nothing herein constitutes or may be interpreted as a waiver by any party of the attorney-client privilege, the attorney work product privilege, or any other privilege.

The provisions of this Order shall apply to all Confidential Information as set forth in this Order, but shall not apply to information that is in the public domain or becomes part of the public domain after its disclosure as a result of publication not involving a violation of this order, including becoming a part of the public record through trial or otherwise.

Nothing in this Order shall prevent any party from using or disclosing their own documents or information, regardless of whether they are designated confidential.

IT IS SO ORDERED.

Dated:   June 2, 2021

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE