UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Z.R., by and through her Guardian ad Litem Tanisha Porter,<br><br>                    Plaintiff,<br><br>          v.<br><br>United States of America, et al.,<br><br>                    Defendants. | No. 2:20-cv-01181-KJM-JDP<br><br>ORDER |

Plaintiff Z.R., a minor, alleges she was sexually assaulted on two separate occasions by two different "female minors" at Travis Air Force Base's Youth Center Childcare Facility. *See* Compl. ¶ 1, ECF No. 1. Plaintiff alleges Youth Center staff negligently failed to prevent the sexual assaults, which occurred on June 15, 2018, and July 9, 2018. *Id.* ¶¶ 9, 19, 31–33.

Plaintiff filed an administrative claim with the Youth Center on July 18, 2018, seeking $75,000 in damages. *See* Damage Claim, Mot. Am. Ex. A, ECF No. 22-1. On June 12, 2020, still waiting for a decision on her administrative claim, plaintiff filed suit in this court. *See generally* Compl. Plaintiff's administrative claim was denied on July 23, 2020. *See* Letter, Opp'n Ex. C, ECF No. 23-3. Plaintiff now seeks leave to amend her requested damages from

1  $75,000 to "a reasonable amount to be determined."[1]  Mot. at 1, ECF No. 22.  Because plaintiff's

2  claim arises under the Federal Tort Claims Act, plaintiff's motion is governed by 28 U.S.C.

3  § 2675(b).

4  Generally, under 28 U.S.C. § 2675(b), the amount of damages recoverable in federal court

5  is limited to the amount plaintiff sought in her administrative claim.  But a plaintiff may amend

6  the damages requested in her administrative claim in two situations: (1) where the increased

7  amount is "based upon newly discovered evidence not reasonably discoverable at the time of

8  presenting the claim to the federal agency"; or (2) "upon allegation and proof of intervening

9  facts[] relating to the amount of the claim."  28 U.S.C. § 2675(b).  "The two exceptions are

10  distinct: 'newly discovered evidence' denotes evidence that existed when the administrative claim

11  was filed but was not 'reasonably discoverable' at that time; 'intervening facts' . . . concern

12  information or events arising after the filing of the claim."  *Reynolds v. United States*, No. 10-161,

13  2012 WL 947408, at *3 (E.D. Cal. Mar. 20, 2012).  The burden is on the claimant to prove either

14  exception applies.  *Hogan v. United States*, 86 F.3d 1162, 1164 (9th Cir. 1996) (unpublished)[2];

15  *Salcedo-Albanez v. United States*, 149 F. Supp. 2d 1240, 1245 n.1 (S.D. Cal. 2001) ("It is well

16  settled that a plaintiff has the burden of proving [the exceptions] under 28 U.S.C. § 2675(b).").

17  Plaintiff's motion rests on three principal grounds, none of which establishes that either

18  exception applies here.  First, plaintiff's counsel provides observations that mostly amount to

19  generalizations about Z.R.'s behavior, *see, e.g.*, Reply at 2, ECF No. 24 ("Z.R.'s behavior has

20  escalated from her previous conduct."), and then offers his personal interpretation of that

21  behavior, which he submits "was not originally forecasted," *id.*  Second, plaintiff's counsel,

22  interpreting a letter from Z.R.'s "spiritual life coach," posits that Z.R. has "exhibited behaviors

---

[1] The government notes that "[a]lthough plaintiff does not identify a figure in her Motion, her amended interrogatory responses claim $675,000 in damages." Opp'n at 1 n.1, ECF No. 23. Plaintiff does not dispute this in her reply.

[2] Citation to this unpublished Ninth Circuit opinion is appropriate as provided by Ninth Circuit Rule 36-3(b).  *See Animal Legal Def. Fund v. Veneman*, 490 F.3d 725, 733 (9th Cir. 2007) ("[A]s of January 1, 2007, we must now allow parties to cite even unpublished dispositions and unpublished orders as persuasive authority." (citation omitted)); *Nuh Nhuoc Loi v. Scribner*, 671 F. Supp. 2d 1189, 1201 n.10 (S.D. Cal. 2009) (noting "unpublished decisions have persuasive value and indicate how the Ninth Circuit applies binding authority").

consistent with sexual abuse accommodation syndrome."  Mot. at 5–7.  Putting aside the question whether child sexual abuse accommodation syndrome is relevant for purposes of this motion,[3] plaintiff's spiritual life coach does not have a medical degree or medical license.  *See* Porter Dep. at 141:6–14, ECF No. 23-1.  Nor does plaintiff's counsel purport to have one.  Plaintiff cannot meet her burden relying on counsel's personal interpretations of Z.R.'s behavior and her spiritual life coach's letter.  *See Wolf v. Fauquier Cty. Bd. of Supervisors*, 555 F.3d 311, 320 (4th Cir. 2009) ("[L]ife coaching . . . is not medical care."); *EmeraChem Holdings, LLC v. Volkswagen Grp. of Am., Inc.*, No. 14-132, 2021 WL 5507741, at *33 n.19 (E.D. Tenn. Nov. 24, 2021) ("[A]rguments of counsel are not an acceptable substitute for expert opinion testimony.").

Third, plaintiff argues at the time she filed her administrative claim she only reported suffering from "anxiety and nightmares[,] which are effects that were understood to be temporary and not especially severe."  Mot. at 4.  By contrast, when plaintiff received treatment in October 2018—three months after she filed her administrative claim—she was diagnosed with post-traumatic stress disorder, which plaintiff's counsel submits "is expected to persist and require years of treatment."  *Id.* at 5.  Plaintiff argues this information qualifies both as intervening facts and newly discovered evidence.  *Id.* at 4.

As to plaintiff's symptoms at the time she filed her administrative claim, psychiatric specialist Saira Din diagnosed plaintiff with PTSD, along with numerous other significant symptoms, on July 16, 2018—two days before Z.R. filed her administrative claim.  *See* Porter Dep. at 130:24–131:2; Robinson Dep. at 68:24–70:7.  Plaintiff cites no evidence suggesting these symptoms were "understood to be temporary and not especially severe."  As to plaintiff's October 2018 diagnosis, plaintiff again provides no evidence suggesting this diagnosis was any more severe than her original diagnosis.  To the contrary, plaintiff's father acknowledged the symptoms reported in October 2018 were "consistent with what was reported to Ms. Din" on July 16, 2018. Robinson Dep. at 75:8–10.  Even if plaintiff did provide evidence that her symptoms are now

---

[3] Child sexual abuse accommodation syndrome has been described as a means of "rehabilitat[ing] a witness's credibility when [one] suggests that the child's conduct after the incident—e.g., a delay in reporting—is inconsistent with his or her testimony claiming molestation."  *People v. McAlpin*, 53 Cal. 3d 1289, 1300–01 (1991).

1   somewhat more severe, that alone is insufficient to amend her damages claim under § 2675(b).

2   *See Salcedo-Albanez*, 912 F. Supp. 2d at 1245 ("Information going to the exact nature, extent and

3   duration of a previous diagnosis is not a basis for an increase in damages." (citation omitted));

4   *Lebron v. United States*, 279 F.3d 321, 330 (5th Cir. 2002) ("[N]ew information cannot surmount

5   the bar created by § 2675(b) if the information merely concerns the precision with which the

6   nature, extent, or duration of a claimant's condition can be known."); *Pedroza v. United States*,

7   No. 20-00131, 2021 WL 4861170, at *1 (C.D. Cal. June 16, 2021) ("Diagnoses which are no

8   more than cumulative and confirmatory of earlier diagnoses are neither 'newly discovered

9   evidence' nor 'intervening facts' for the purposes of § 2675(b)." (citations omitted)).

10      In a final attempt to escape the strictures of § 2675(b), plaintiff's counsel urges the court

11   to grant an "equitable accommodation," arguing that denying plaintiff's motion would be

12   "morally unjust."  Reply at 2–3.  In making this request, plaintiff's counsel appears to rely on

13   sexual abuse accommodation syndrome, submitting that "Sexual Abuse Syndrome is a

14   complicated topic, and the Court's [sic] are not unfamiliar with what is happening with ZR, that

15   is, her trauma and symptoms are escalating and slowing revealing themselves.  Court's [sic] have

16   been compelled to accommodate victims of sexual assault in other legal constructs."  *Id.* at 3.

17   Specifically, plaintiff explains:

18          [T]he California Supreme Court has long acknowledged the
19          importance of expert testimony in explaining the impact of sexual
20          accommodation on sexual assault victims by recognizing that
21          common stress reactions of sexual assault victims are admissible to
22          rehabilitate the complaining witness when the defendant impeaches
23          her credibility by suggesting that her conduct after the incident – e.g.,
24          a delay in reporting and in manifesting symptoms – is inconsistent
25          with her testimony that she was sexually assaulted. . . .

26          Similarly here, [Z.R.'s] delay in reporting the manifestations of her
27          trauma do not implicate her reliability as a witness and must not
28          circumscribe her ability to recover the measure of damages she needs
29          to adequately address her mental health condition. In fact, it may help
30          the Court and trier of fact understand the depth of Plaintiff's
31          suffering. Although Plaintiff began exhibiting symptoms of the
32          effects of the incidents[] while seeking treatment with Kaiser and
33          The Better Way, as time goes on her symptoms morph and intensify
34          and she has only now opened up fully with her [spiritual life coach].

4

> . . . Plaintiff's interactions and disclosures to [her spiritual life coach]
> are consistent with several stages of sexual abuse [accommodation]
> syndrome (e.g., delayed and unconvincing disclosure and/or
> recantation), which might account for Plaintiff's delay in reporting
> the full extent of the lingering mental effects of her trauma . . . .

Mot. at 6–7.  Assuming without deciding that this argument is relevant, plaintiff has presented no evidence of delay in plaintiff's reporting or manifesting symptoms.

Because plaintiff has not met her burden of demonstrating newly discovered evidence or intervening facts, the court **denies** plaintiff's motion to amend.  The motion is denied without prejudice to renewal if counsel can offer newly discovered evidence not reasonably foreseeable when plaintiff filed her administrative claim or evidence of intervening facts occurring after plaintiff filed her claim.  *See, e.g.*, *Salas v. United States*, No. 12-0337, 2013 WL 6244144, at *3–5 (S.D. Cal. Dec. 2, 2013) (evaluating medical records and statements from retained experts; finding both newly discovered evidence and intervening facts where plaintiff's original prognosis expected plaintiff's leg to make a full recovery and post-FTCA claim developments resulted in his leg being amputated).

This order resolves ECF No. 22.

IT IS SO ORDERED.

DATED:  August 19, 2022.

CHIEF UNITED STATES DISTRICT JUDGE